## In re Robert A. Boyle

*Rosemary C. McMunigal,* for guardian.
*Lewis B. Beatty, Jr.,* for wife.
*Richard L. Raymond,* for intervenor.

CATANIA, J., January 19, 1973.—Southeast National Bank of Pennsylvania was appointed guardian of the estate of Robert A. Boyle, an alleged incompetent, on April 6, 1972. Elinor C. Boyle, the wife of the alleged incompetent, has made a demand upon the guardian for payment of her support and maintenance from the estate of the alleged incompetent. The guardian has presented a petition to this court which indicates that the income from the alleged incompetent's

estate is insufficient to maintain him at Wallingford, Inc., and also to pay the amount requested by his spouse; thus, the guardian requests leave to invade the principal in order to supplement payments to the said spouse.

The Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, July 11, 1957, P. L. 794, 50 PS §3644, provides that:

"the Court, for cause shown, may authorize or direct payment or application of any or all of the income or principal of the estate of an incompetent for the care, maintenance or education of the incompetent, his spouse, children or those for whom he was making such provision before his incompetency."

The foregoing provision grants to this court the authority to authorize the payment requested if, in our discretion, we should do so, after consideration of all of the relevant facts and circumstances.

Upon presentation of the guardian's petition, leave was granted to John W. Boyle, son of the alleged incompetent and stepson of Elinor C. Boyle, to intervene. The intervenor is a primary beneficiary under the alleged incompetent's will, and he objects to allowing the invasion of the principal of the alleged incompetent's estate. A hearing was conducted before this court on October 24, 1972, in which testimony and argument was presented by, or on behalf of, the claiming spouse, Elinor C. Boyle, the intervenor, John W. Boyle, and the guardian, the Southeast National Bank. Counsel for the claiming spouse has submitted a memorandum of law on her behalf.

The evidence shows that the principal of the alleged incompetent's estate is approximately $121,000, the income from which can be anticipated at approximately $5,000 to $6,000 per annum. In addition the incompetent receives an annuity of approximately $92 per month, Social Security payments of approxi-

mately $268 per month, and there is a business, owned by the incompetent and being managed by his sons, from which the incompetent has been receiving a salary of $250 per month. The total income, in round figures, is approximately $12,000 to $13,000 per annum. Care and maintenance of the incompetent, at the present time, requires $10,900 per year, thus leaving excess income of approximately $1,000 to $2,000 per year. Petitioner avers that since its appointment, the sum of $2,000 has been paid to Elinor C. Boyle on behalf of her costs and maintenance, from which she has paid real estate taxes on the property at 18 Amherst Avenue, Swarthmore, Pa., which is owned as tenants by the entireties with the incompetent.

On the other hand, the spouse, Elinor C. Boyle, is the life tenant of a trust which pays her approximately $12,000 per year, and, in addition, has a separate estate of her own of approximately $350,000, paying her a net income of approximately $18,000 per year. Thus, the claiming spouse enjoys a separate income of approximately $30,000 per year.

The alleged incompetent has made a will, and under the terms of that will his sons are the primary beneficiaries. Prior to the marriage between the alleged incompetent, Robert A. Boyle, and his spouse, Elinor C. Burns (now Boyle), the parties entered into an antenuptial agreement which provides, inter alia, that the party of the first part (Elinor C. Burns, now Boyle) agrees ". . . to waive, relinquish and bar all of her inchoate intestate and other rights or interests either as the wife or widow of the party of the second part, in and to any property now owned or hereafter acquired by the said party of the second part; . . ."

While we do not read the antenuptial agreement as contracting away the husband's duty to contribute to the support of his wife, it does manifest the parties' intention that their respective principal estates shall

be free from invasion by each other, principally, but not necessarily exclusively, after death.

Petitioner avers that Elinor C. Boyle, during the year 1971, had expenses incident to her support and maintenance in the sum of $8,900. Therefore, Mrs. Boyle has requested that the guardian pay to her the sum of $6,000 on account of such support and maintenance, notwithstanding that the substantial bulk, if not all, of such payment would come from the principal of her incompetent husband's estate.

We note further that the net value of the alleged incompetent's business has been independently appraised and valued at the sum of $7,861.78, that in the last three months the business has lost $1,400, and that the alleged incompetent is approximately 74 years of age. From the foregoing, we find that the alleged incompetent's future income from the business, or from the product of his own labors, is too uncertain to provide a foundation upon which to base what is, in effect, a support order. The remainder of the incompetent's income is virtually exhausted for his own care and maintenance in the nursing home. If the principal is invaded and reduced, the future will see the income reduced accordingly. It is then easily foreseeable that with ordinary inflationary increases in nursing home expenses, the alleged incompetent's estate would shortly be insufficient to provide income necessary for his own maintenance and care.

On the other hand, the wife's income far exceeds her living expenses, and she has excess funds to invest. Thus, any invasion of the husband's principal would, by indirect route, terminate as an augmentation of her own separate principal. This is what she agreed not to do. Principally, however, we rest our conclusion on the basis that these parties have undergone a substantial change in circumstances. There is the expense of maintaining the incompetent himself

in a nursing home, and the reduction in income from the incompetent's business. There is no evidence that the incompetent's nursing home expenses are unreasonable. The wife has maintained a high standard of living, and that she wishes to continue to do so is understandable. However, under the circumstances, the continued support maintenance of the wife in the same fashion as previously is a burden which cannot be imposed on the principal of the incompetent's estate. Such income, if any, as exceeds the legitimate expenses of maintaining the incompetent himself and of administering his estate should be paid to his wife, as has apparenty been done heretofore. However, insofar as the invasion of the principal is concerned, we issue the following

## ORDER

And now, January 19, 1973, upon consideration of the compelling facts and circumstances aforesaid, it is ordered, adjudged and decreed that the petition of the Southeast National Bank, guardian of the estate of Robert A. Boyle, an alleged incompetent, requesting leave to invade principal of the estate for payment of support and maintenance to Elinor C. Boyle, be, and the same is hereby, denied and dismissed.